# C. W. Smith et al. *v.* Wilkinsburg Borough, Appellant.

*Municipal corporations—Arbitration—Power to submit to arbitration—Borough.*

Unless restrained by positive enactment municipal corporations possess inherent power to submit disputed claims to the arbitrament of referees, and they are as much bound by such submissions and the awards made in pursuance thereof as are natural persons.

*Arbitration—Submission—Award—Borough.*

Where a borough agrees to submit to arbitration the amount of "equitable compensation" to which certain property owners who are compelled to contribute to a general system of sewerage are entitled, notwithstanding the fact that they have already paid assessments for a sewer in front of their property, the arbitrators may determine the amount which such owners are equitably entitled to receive, although they have no legal claims against the borough.

Argued Oct. 28, 1895. Appeal, No. 213, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1895, No. 859, on demurrer for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on award of arbitrators. Before WHITE, J.

From the record it appeared that plaintiffs had paid the expense of constructing a sewer in the street on which their properties abutted. It was constructed by the borough in pursuance of the petition of the property holders, and paid for by assessments under the borough law. Two or three years afterwards the borough adopted a general sewerage system and constructed another sewer on that street, which rendered the first sewer useless. The plaintiffs would have to pay their share of the expense of the new sewer, in the way of taxes, as the general system was at the public expense. The plaintiffs petitioned the borough council to have refunded to them the whole, or part, of what they had paid for the first sewer, alleging it was unjust and inequitable to do away with that sewer and compel them to pay for another which was not necessary and of no advantage to them.

On June 30, 1893, the following resolution was passed:

" Resolutions offered by Mr. Balph that the burgess appoint a committee of three members of council to formulate and recommend to council a plan whereby any persons equitably entitled to compensation for taxes paid by them and used in the construction of sewers now in place on South and Wood streets, shall receive such equitable compensation from the borough ; said plan to provide the means by which the proper amount due such persons, if anything, shall be ascertained. Said committee to report at the next regular meeting of council."

In pursuance of the above resolution of council the following agreement was entered into between the borough and plaintiffs.

" Whereas there are certain claims pending against the borough of Wilkinsburg by certain of her citizens and property owners for reimbursement for certain moneys paid by them for the construction of what is known as the South and Wood street sewer, the validity and legality of which claims are disputed by said borough, and whereas the borough authorities and said claimants are mutually desirous of having said dispute settled without tedious and expensive litigation, it is hereby mutually agreed between said borough and said claimants, whose names are hereto attached, that the said claims in dispute shall be submitted for adjudication to three arbitrators, who shall be non-residents and non-taxpayers in said borough, one to be chosen by the burgess of said borough, one by the claimants, and the third to be chosen by the other two arbitrators, the award of said arbitrators to be final and conclusive on the parties hereto, and the cost of said arbitration to be borne by the claimants and the borough in equal proportion."

On February 8, 1894, the following resolution was passed :

" Resolved, That it is the sense of council of the borough of Wilkinsburg that they desire to have the arbitrators of the South street sewer matter pass upon and decide what, if anything, the property owners as claimants are entitled to upon the basis of the original resolution offered by Mr. Balph and adopted by council June 30th, 1893."

The arbitrators found in favor of the plaintiffs for the amount of their original assessment, and this suit is upon the award of arbitrators.

Defendant demurred to plaintiffs' statement because:

1. The submission of claims, such as those set forth in said statement of claim to arbitration, was a matter beyond the power of the borough council; and the agreement so to arbitrate said claims under resolution passed by said council was invalid, and created no liability in law against the defendant.

2. That the finding of said arbitrators, is in favor of the defendant and against the plaintiffs in this case, in so far as said finding conforms to the terms of the agreement, under which said matters were submitted to arbitration, said finding being that, " There is no legal liability on the part of the borough to refund any portion of the assessments paid for the construction of the original sewer."

The court overruled the demurrer and entered judgment for plaintiffs.

*Errors assigned* were (1) in overruling demurrer; (2) in entering judgment for plaintiffs.

*Thomas Stephen Brown, William G. Stewart* with him, for appellant.—A borough has no right to submit disputed questions to arbitration: Campbell v. Fayette Co., 127 Pa. 86 ; 15 Am. & Eng. Ency. of Law, 1051; Matthews v. Westborough, 134 Mass. 555; Petersburg v. Mapin, 14 Ills. 193.

Boroughs cannot appropriate the public funds to any private purpose, nor can taxes be legally levied to raise a fund for such purpose: Tyson v. Halifax School District, 51 Pa. 9 ; Grim v. Weissenberg School District, 57 Pa. 433; Hartman v. Mt. Joy School District, 68 Pa. 441; McDermond v. Kennedy, Brightly, Pa. 332.

The award was not within the submission: Speer v. Bidwell, 44 Pa. 23; Young v. Shook, 4 Rawle, 299; Morse on Arbitration, 177, 182; 1 Am. & Eng. Ency. of Law, 675; Scott v. Barnes, 7 Pa. 134 ; Collins v. Freas, 77 Pa. 493; Life Ins. Co. v. McLaughlin, 80 Pa. 53.

An award must be intelligible, definite and decisive of the issues submitted. It ought to be in such clear and intelligible terms that every one who reads it may comprehend and understand it: Gratz v. Gratz, 4 Rawle, 411 ; Stanley v. Southwood, 45 Pa. 189; Connor v. Simpson, 104 Pa. 440.

*R. A. Balph, James Balph* with him, for appellees.—A municipal corporation has the inherent power to submit disputed claims to arbitrators for trial and award unless restrained by some positive enactment, and it is as much bound by its agreement and the award as a natural person: Dillon on Municipal Corporations, 477, 478; Springfield v. Walker, 42 Ohio, 543; School District v. Rankin, 70 Iowa, 65; Shawnee Town v. Baker, 85 Ill. 564; Canal Co. v. Swan, 5 Howard, 83; Kane v. City Fond du Lac, 40 Wis. 495; Bean v. Jay, 23 Me. 117.

A municipal corporation may agree to adjust and pay claims which otherwise might not be enforced, resting, however, upon a good moral consideration, and this agreement can be enforced in a proper case: Meech v. Buffalo, 29 N. Y. 198; Nelson v. Inhabitants of Milford, 7 Pickering, 18; Bean v. Inhabitants of Jay, 23 Me. 117; Matthews v. Westborough, 134 Mass. 555; Smith v. Philadelphia, 13 Phila. 177; Silsby Mfg. Co. v. Allentown, 153 Pa. 319; Western Savings Fund Society of Phila. v. City, 31 Pa. 185; Kane v. City of Fond du Lac, 40 Wis. 495.

The arbitrators had before them the several resolutions and the agreement, and they say in their award or report that the submission is to be found in the resolution as well as the agreement, and these show that the question before them is whether or not "under ordinary principles of equity and fair dealing the borough should account to the claimants for all or any part of the assessment paid by the claimants." Thus it will be seen that the understanding of the arbitrators was the same as alleged in the statement.

A contract of submission is to be construed like any other contract. It may be oral, by writing not under seal, or by writing under seal: Morse on Arbitration, 59, 60; Western Savings Fund v. Philadelphia, 31 Pa. 185.

PER CURIAM, November 4, 1895:

The facts of this case sufficiently appear in the opinion of the learned judge of the court below, and the questions arising thereon appear to have been rightly decided in favor of the plaintiffs.

Unless restrained by positive enactment, municipal corporations possess inherent power to submit disputed claims to the

arbitrament of referees, and they are as much bound by such submissions, and the awards made in pursuance thereof as are natural persons: Dillon on Mun. Corps., secs. 477, 478.  If there was any doubt as to the scope of the arbitrators' authority under the original resolution, it was entirely removed by the resolution of February 8, 1894, " that it is the sense of the council of the borough of Wilkinsburg that they desire to have the arbitrators of the South street sewer pass upon and decide what, if anything, the property owners, as claimants, are entitled to upon the basis of the original resolution . . . . adopted by council June 30, 1893."  Under that resolution, they were to inquire and decide whether the claimants were " equitably entitled" to compensation, and whether they shall receive such " equitable compensation " from the borough.  Considering the proceedings and resolutions of council together, it is very evident that it was the " equitable " claims of the plaintiffs respectively that were submitted to the arbitrators, and the latter were not restricted in their inquiry merely to the " legality " of the claims.

Without pursuing the subject further, we are clearly of opinion that judgment was rightly entered in favor of the plaintiffs.

Judgment affirmed.