# James G. Sansom, Appellant, *v.* Harvey Henderson.

*Boroughs—Sewers—Assessments—Repayment of assessments—To whom return assessment is payable.*

Where property owners who have paid specific assessments for sewers in streets upon which their properties abutted start a movement to secure a repayment to them of such assessments after the borough had constructed a general system of sewerage payable by general taxation, and the movement results in a judgment in favor of the persons who have paid such assessments and against the borough, the grantee of one of the property owners who actually paid the assessment has no claim on the fund, and it is immaterial that such grantee took title by a deed of general warranty, and that he was active and instrumental in bringing about the arbitration.

Argued April 25, 1899. Appeal, No. 205, April T., 1899, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1897, No. 468, refusing to take off nonsuit. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit for money had and received. Before FRAZER, J. The facts are fully stated in the opinion of the court.

*Error assigned* was refusal to take off nonsuit.

*William M. Hall, Jr.*, for appellant.—The testimony in tnis case shows that the sewer was constructed along and in front of the property at the time Henderson conveyed to Sansom. It was for the use and benefit of that property, and was actually used by the property. It was a right, or a privilege, or a hereditament appurtenant to the property which passed by the deed: 3 Washburn on Real Property (3d ed.), 340; Pickering v. Stapler, 5 S. & R. 107; Murphy v. Campbell, 4 Pa. 480.

The action of assumpsit is an equitable action in Pennsylvania: Barr v. Craig, 2 Dallas, 151; Miller v. Ord, 2 Binney, 382; Haldane v. Duche, 2 Dallas, 176; Aycinena v. Peries, 6 W. & S. 244.

Where one by fraud obtains compensation for injuries done to the property of another who himself was unable to make claim therefor, the party is accountable to the party whose property was injured: Hoopes v. Scott, 2 Chest. Co. 40; Hindmarch v. Hoffman, 127 Pa. 284.

Where the defendant is proved to have in his hands the money of the plaintiff, which ex æquo et bono he ought to refund, the law conclusively presumes that he has promised to do so, and the jury are bound to find accordingly: 2 Greenl. Ev. sec. 102; Mason v. Waite, 17 Mass. 560.

In the case of Reed v. Horn, 143 Pa. 323, a recovery was allowed in assumpsit where money was paid in consequence of an alleged mutual mistake.

*Harvey Henderson*, for appellee.—The right to receive the money refunded was a mere personal claim, not running with the land: McFadden v. Johnson, 72 Pa. 335; Warrell v. R. R., 130 Pa. 600.

OPINION BY W. D. PORTER, J., March 21, 1900:

The defendant was the owner of a lot fronting ninety feet on South street, in the borough of Wilkinsburg, and in the year 1890 was compelled to pay an assessment for the construction of a sewer along the street in front of his property. In January, 1892, the defendant conveyed one third, or thirty feet frontage, of his South street property to the plaintiff, who still owns it. In October, 1892, the necessary steps were taken by the borough authorities to authorize a sale of bonds to raise funds for the construction of a general sewerage system throughout the borough. All the preliminaries having been complied with, the bonds were sold and the borough entered upon the construction of the general sewerage system, to be paid for by general taxation. Persons owning property along the steets through which the Wood and South streets sewer ran, began an agitation for the return of the assessments which had been paid by the property owners at the time of the construction of that sewer. A public meeting was called and petitions were presented to council, and all persons living upon the street seem to have joined in the movement. On June 30, 1893, the following resolution was passed by the council of the borough: "Resolution offered by Mr. Balph that the burgess appoint a committee of three members of council to formulate and recommend to council a plan whereby any persons equitably entitled to compensation for taxes paid by them and used in the construction of sewers now in place on South and Wood streets, shall receive such equitable compensation from the borough; said plan to provide the means by which the proper amount due such persons, if anything, shall be ascertained; said committee to report at the next regular meeting of council." In pursuance of the above resolution an agreement was formulated, which seems to have been signed by all who had any disposition to sign it, without regard as to whether they had any right to do so or not, and was regularly adopted by the borough council. The agreement was as follows: "Whereas, there are certain claims pending against the borough of Wilkinsburg by certain of her citizens and property owners for reimbursement for certain moneys paid by them for the construction of what is known as the South and Wood streets sewer, the validity and legality of which claims are disputed by said borough; and whereas, the borough

authorities and said claimants are mutually desirous of having said dispute settled without tedious and expensive litigation, it is hereby mutually agreed between said borough and said claimants, whose names are hereto attached, that the said claims in dispute shall be submitted for adjudication to three arbitrators, who shall be nonresidents and nontaxpayers of said borough, one to be chosen by the burgess of the borough, one by the claimants, and the third to be chosen by the other two arbitrators. The award of said arbitrators to be final and conclusive on the parties hereto, and the cost of said arbitration to be borne by the claimants and the borough in equal proportions." On February 8, 1894, the borough council passed the following resolution : " Resolved, that it is the sense of the council of the borough of Wilkinsburg that they desire to have the arbitrators of the South street sewer matter pass upon and decide what, if anything, the property owners, as claimants, are entitled to upon the basis of the original resolution offered by Mr. Balph and adopted by the council, June 30, 1893." The parties who were active in this endeavor to collect the money from the borough never presented the above-recited agreement to the defendant and never consulted him touching the matter. The plaintiff was one of the signers of the agreement. The arbitrators chosen under the above agreement duly organized and considered the evidence submitted. They filed their report dealing with the questions at length, and were of opinion that there was no legal liability on the part of the borough, but said : " The arbitrators, however, understand the purport of the various resolutions passed by the borough council upon this subject to be that the question upon which an opinion is desired is whether or not, outside of any legal question, upon ordinary principles of equity and fair dealing, the borough should account to the claimants for all or any part of the assessments paid by the claimants. Considering the question, then, upon this question alone, the arbitrators are of the opinion that the circumstances disclose that the citizens paying assessments on the original, or South, Wood and Ross streets sewer, have not been equitably dealt with." And they arrive at this conclusion : " There seems, therefore, an inequality of result which can be rectified only by refunding to these citizens the amount of their original assessments," and the arbitrators awarded as

follows: "The arbitrators do, therefore, award and conclude in favor of the claimants and against the borough of Wilkinsburg for the amounts set forth, as paid by the persons indicated in schedule of property assessed, for the construction of sewer on Wood and South streets, from Ross to West, hereto attached and made part of this award." An action was brought on this award, in which all the persons named in the schedule referred to and made a part of the award were made plaintiffs, and the borough of Wilkinsburg defendant. The name of the plaintiff in this action did not appear either in the award of arbitrators or in the action upon that award brought in the common pleas. The name of the defendant did appear in both places. Judgment was entered in favor of the plaintiffs in the common pleas for the amount of the award, which judgment was affirmed by the Supreme Court in the case of Smith v. Wilkinsburg Borough, 172 Pa. 121. The amount was paid by the borough to the attorney for plaintiffs, and he paid to the defendant, according to the schedule, the amount which the defendant had paid as his assessment for the construction of the South street sewer. Plaintiff now brings this action to recover one third of the amount so received by the defendant. The facts as above recited appeared upon the trial in the court below, and the court granted a compulsory nonsuit and afterwards refused to take it off, which refusal is now assigned for error.

The plaintiff brought his action in assumpsit and if he is entitled to recover there can be no question that he has employed the proper remedy. It is argued on behalf of plaintiff that his deed of general warranty from the defendant carried with the land all its appurtenances, including the sewer, and the soundness of this position cannot be gainsaid. He was entitled to the use of the sewer as he was entitled to the use of the street which passed in front of the lot, but an alleged equitable right to the return of moneys which had been paid out as assessments for the sewer, or for the street, was not an appurtenance of the land, was not real estate, or an easement appurtenant to real estate. If, the sewer having been constructed during the defendant's ownership, the assessment upon the land for benefits resulting from the sewer had not yet been completed at the time the plaintiff took title, but was subsequently

legally ascertained, that assessment would be an incumbrance upon the land, and could be enforced against the land in the hands of the plaintiff, but the defendant would have been ultimately liable, and if plaintiff had paid he could recover from defendant the amount of that full assessment. If South street had been opened or graded immediately before Henderson conveyed to Sansom, the latter would have been entitled to the use of the street, although the assessment of benefits or damages had not yet been made; but the assessment when made would have become the affair of Henderson, he having conveyed by deed of general warranty. If the property was subsequently assessed for benefits because of said opening, Henderson would have been ultimately liable for the payment of that assessment; so if damages had been awarded for the opening of the street, those damages would have been the property of Henderson, because he had been the owner, at the time of the change, in the street although he had parted with his title before the damages were ascertained. The right to demand of the borough a return of the assessment in question, or the obligation upon the borough authorities in good conscience to return it, if any such existed, was not an equitable right appurtenant to the land, but was a personal right, to be determined between the parties.

In order to determine whether the plaintiff had in good conscience any claim upon the fund in question, we must consider the circumstances under which that fund was raised. The borough of Wilkinsburg resolved to construct a general sewerage system and to pay for it by general taxation. Those who had been compelled to pay for the construction of the South street sewer had this ground of complaint: You now construct for the convenience of all other property owners of the borough a general sewerage system and you pay for it out of the common fund; whereas, you laid a sewer on South street and you compel us to pay for it out of our own pockets. A public agitation results in the appointment of a committee to recommend a plan whereby any person equitably entitled to compensation for taxes paid by them and used in the construction of sewers now in place on South and Wood streets shall receive such equitable compensation. An agreement was made between the borough and a large number of persons which recites that "Whereas, there are certain claims pending against the borough of Wil-

kinsburg by certain of her citizens and property owners for re-
imbursement of certain moneys poid by them for the construc-
tion of what is known as the South and Wood street sewer,"
etc., and refers such disputed claims to arbitrators, and the ar-
bitrators make an award against the borough and in favor of
the persons set forth in the schedule, who had originally paid
the assessments. Those who had paid and brought suit upon
the award recovered, and the judgment was affirmed by the Su-
preme Court. It is manifest that under the ordinances of the
borough and the agreement, only those who had paid were to
be reimbursed, and the award of the arbitrators was in harmony
with the contract. The borough legislation includes only those
who had paid, and no intention to authorize a payment to any
others can upon any fair principles of construction be inferred
from the contract or any of the ordinances. The mere fact
that the plaintiff was active and instrumental in bringing about
the borough legislation and that he signed the contract could
give him no rights under the contract which the contract itself
failed to recognize. Under the contract, those who had not
paid were not entitled to recover, and the plaintiff's claim is not
sustained by the proceedings of the council or the award of
arbitrators. The whole purpose of these proceedings was, as
suggested by the arbitrators, to put those who had paid the as-
sessment upon an equality with all other citizens, and the only
way in which to do that was to refund to those who had paid
the amount of their original assessments. The result of this
was to leave all persons in exactly the same position they would
have been in if the borough had originally paid for the con-
struction of the South street sewer out of the common fund,
just as it was then doing with all the other sewers of the bor-
ough. If it had been judicially determined that the original
assessments for the construction of the South street sewer had
not been authorized by law, and appropriate legislation author-
izing the recovery of the assessments paid had been procured,
there can be no question that the right would have been in
Henderson and not in Sansom. In short, this whole proceeding
resulted in a determination that the assessment for this sewer
had become inequitable, and that the money ought to be re-
funded. It was Henderson who had paid, and there is no rea-
son why Sansom should be reimbursed.

Judgment affirmed.